UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**ROBERT J. SPENLINHAUER**,
Individually and as Trustee and Beneficiary
of RJS Realty Trust, Trustee and Beneficiary
of C.C. Canal Realty Trust, Trustee and
Beneficiary of Classic Auto Realty Trust,    Chapter 11
    Debtor                                    Case No. 13-17191-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**LYNNE F. RILEY**, Chapter 11 Trustee,
    Plaintiff,
v.                                            Adv. P. No. 16-1064
**ERIK D. JOSEPHSON**, Individually and as
Trustee and Beneficiary of Winding Way
Realty Trust,
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER**

Whereas, Robert J. Spenlinhauer ("Spenlinhauer" or the "Debtor") filed a voluntary Chapter 11 petition on December 16, 2013; and

Whereas, Lynne F. Riley was appointed Chapter 11 Trustee on December 16, 2015; and

Whereas, on April 19, 2016, the Chapter 11 Trustee filed a two-count Verified Complaint against Erik D. Josephson, Individually and as Trustee and Beneficiary of the Winding Way Realty Trust (the "Defendant"), and Spenlinhauer; and

1

Whereas, the Trustee, through her Complaint, seeks

the entry of judgment in her favor (i) on Count I of the Complaint, avoiding the Transfer under 11 U.S.C. § 548 and allowing the Estate to recover the transferred property from Josephson under 11 U.S.C. § 550; (ii) on Count II of the Complaint, avoiding the Transfer under 11 U.S.C. § 544 and M.G.L. ch. 109A §§ 5 and 6 and allowing the Estate to recover the transferred property from Josephson under 11 U.S.C. § 550;

and

Whereas, in conjunction with her Verified Complaint, the Trustee filed a Motion for Approval of Memorandum of Lis Pendens (the "Lis Pendens Motion"), citing Mass. Gen. Laws ch. 184, § 15;[1] and

---

[1] The statute provides in relevant part the following:

> (a) A wit [sic] of entry or other proceeding that *affects the title to real property* or the use and occupation thereof or the buildings thereon, shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual non-record notice thereof, until a memorandum containing the names of the parties to the proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to be affected thereby lies and a description of the real property sufficiently accurate for identification is recorded in the registry of deeds for the county or district where the real property lies; . . . The memorandum may be dissolved at any time by recording in the registry of deeds a notice of voluntary dissolution duly executed and acknowledged by the party who executed the memorandum, by that party's successor in interest or by an attorney of record for either of the parties.
>
> (b) Any party seeking a memorandum of lis pendens under this section shall commence the underlying proceeding by means of a verified complaint or other complaint as is required under the rules of court to include a certification by the claimant made under the penalties of perjury that the complainant has read the complaint, that the facts stated therein are true and that no material facts have been omitted therefrom. The complaint shall name as defendants all owners of record and any party in occupation under a written lease. Upon motion of a party, *if the subject*

2

Whereas, on April 20, 2016, the Court scheduled a hearing on the Lis Pendens Motion for May 4, 2016 and established a deadline of May 3, 2016 for objections; and

Whereas, the Debtor timely filed a Response to the Trustee's Lis Pendens Motion, citing inter alia, Shrewsbury v. Seaport Partners Ltd. P'ship, 63 Mass. App. Ct. 272, 826 N.E. 2d (2005);[2] and

---

*matter of the action constitutes a claim of a right to title to real property* or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum. . . . .

Mass. Gen. Laws ch. 184, § 15(a) and (b)(emphasis supplied).  The Supreme Judicial Court in Wolfe v. Gormally, 440 Mass. 699, 703 (2004), determined the following:

The scope of the statute, defined in two seemingly conflicting clauses, is facially ambiguous. The first paragraph of G.L. c. 184, § 15, states that a legal proceeding "which *affects the title* to real property or the use and occupation thereof" (emphasis added) is only effective against "the parties thereto, their heirs and devisees" and persons with actual notice of the proceeding, unless a memorandum of lis pendens is recorded. In contrast, the second paragraph, appears, at first blush, to confine the statute's scope to a much narrower class of claims in providing that a lis pendens may be recorded only if a judge makes a finding that "the subject matter of the action constitutes *a claim of a right to title* to real property or the use and occupation thereof" (emphasis added). The relevant language was retained when the statute was rewritten in 2002.

Wolfe v. Gormally, 440 Mass. 699, 703, 802 N.E.2d 64, 68 (2004). As noted below, the Supreme Judicial Court adopted a liberal construction of the statute consistent with language employed in paragraph (a).

[2] In Shrewsbury, the Massachusetts Appeals Court upheld the lower court's refusal to endorse a memorandum of lis pendens.  Because "[t]he substance of the complaint brought by the trustees against the partnership is for defects and deficiencies in the structures that constitute the condominium complex" the court determined that the plaintiffs were not "'asserting in a judicial proceeding a claim on his own behalf of some interest in the real estate or some right to use and occupy it.'" 63 Mass. App. Ct. at 276-77, 826 N.E.2d at 207 (quoting McCarthy v. Hurley, 24 Mass. App. Ct. 533, 536, 510 N.E.2d

3

Whereas, the Court conducted a hearing on the Lis Pendens Motion and ordered the Trustee and the Debtor to file briefs by May 15, 2016; and

Whereas, on May 10, 2016, the Trustee filed an Amended Complaint removing the Debtor as a named Defendant; and

Whereas, the Trustee and the Debtor filed supplemental briefs; and

Whereas, in her brief, the Debtor cited the Supreme Judicial Court's decision in Wolfe v. Gormally, 440 Mass. 699, 705-06 (2004), in which the court reviewed the statutory language of Mass. Gen. Laws ch. 184, § 15, and concluded the following:

> The relevant statutory history and the over-all statutory scheme strongly suggest that the intent of the 1985 amendment was to give "any party aggrieved" some procedural protection, and not to limit the statute's remedial reach. Absent a "clear expression of [the legislative] intent" in 1985 to radically change the scope of the statute, which broadly applied to all suits "affect[ing] the title to real property," the court may not presume that the Legislature intended to limit the lis pendens protection only to cases involving claims of "a right to title." Kerins v. Lima, 425 Mass. 108, 110, 680 N.E.2d 32 (1997), quoting Commercial Wharf E. Condominium Ass'n v. Waterfront Parking Corp., 407 Mass. 123, 129, 552 N.E.2d 66 (1990), S.C., 412 Mass. 309, 588 N.E.2d 675 (1992) [sic].
>
> Furthermore, the "literal import" of the phrase in the second paragraph is inconsistent with the fundamental remedial purpose of the statute: to "ensure[ ] that a prospective third-party transferee can, with the exercise of reasonable prudence, acquire information relevant to a decision whether to consummate the transaction." Debral Realty, Inc. v. DiChiara, 383 Mass. 559, 562, 420 N.E.2d 343 (1981). . . . To harmonize the two conflicting provisions of the statute with its remedial purpose, a proper construction must disregard the "literal import" of the language of the second paragraph and recognize that the statute's broad scope is still defined, as it always has been, by the first paragraph. Properly construed,

---

779 (1987)). The appeals court added that "the only claim of the trustees is that they may have the right to require the party to whom the partnership conveyed some real estate to reconvey it back to the partnership in order to enable the trustees to satisfy a judgment they may obtain." Id.

4

the statute continues to apply to all claims "affect[ing]" title or use and occupation of property; no change was intended by contradictory language in the second paragraph.

Wolfe v. Gormally, 440 Mass. at 705-06, 802 N.E.2d at 69;[3] and

Whereas, the Trustee also cited decisions from the highest courts of several states, including Farris v. Advantage Capital Corp., 217 Ariz. 1, 4, 170 P.3d 250, 253 (2007)(rejecting the decision in Shrewsbury v. Seaport Partners Ltd. P'ship, 63 Mass. App. Ct. 272, 826 N.E. 2d (2005), and holding that an action under the Uniform Fraudulent Transfer Act seeking to avoid an allegedly fraudulent transfer of real property is one "affecting title to real property" for purposes of the lis pendens statute), Kirkeby v. Superior Court of Orange Cnty., 33 Cal. 4th 642, 650-51, 93 P.3d 395 (2004)(Supreme Court of California stated that plaintiff's "fraudulent conveyance claim, if successful, will affect title to specific real property. Accordingly, her lis pendens was improperly expunged based on section 405.31"), N.C. Nat'l Bank v. Evans, 296 N.C. 374, 380 (1979)("Does a claim for relief by a creditor seeking to set aside a fraudulent conveyance pursuant to G.S.

---

[3] In Wolfe, the Supreme Judicial Court observed:

> Until the 1985 amendment to G.L. c. 184, § 15, a litigant could record a lis pendens in any case "affect[ing] the title to real property or [its] use and occupation" without court approval or notice to the other party. The purpose of St.1985, c. 809, inserting the second paragraph, discussed *infra*, was to add procedural safeguards to the formerly unfettered right to record a lis pendens. As a result of the amendment, plaintiffs are now required to obtain judicial authorization before recording a memorandum of lis pendens, which "any party aggrieved" may contest.

Wolfe v. Gormally, 440 Mass. at 703, 802 N.E.2d at 67 (citation omitted).

5

39-15 constitute an action "affecting title to real property" within the meaning of the Lis pendens statute G.S. 1-116, Et seq.? The answer is yes."), as well as decisions from federal district courts, Sports Shinko Co., Ltd. v. QK Hotel, LLC, 457 F.Supp.2d 1121, 1130 (D. Haw. 2006)("In this case of first impression under Hawaii law, the Court finds that an action for fraudulent transfer brought under the Hawaii Uniform Fraudulent Transfer Act, seeking to avoid the transfer of real property to the extent necessary to satisfy Plaintiff's claims and/or to grant Plaintiff any other relief appropriate under the Act, is an appropriate subject of a lis pendens under Hawaii law."), Klass v. Frazer, 290 F.Supp.2d 425, 427 (S.D.N.Y. 2003)("The filing of a lis pendens is a normal part of any lawsuit to recover a fraudulent transfer which the transferee has invested in real property.");[4] and

 Whereas, the Defendant on May 16, 2016 filed an Opposition to the Lis Pendens Motion, making essentially the same argument that Spenlinhauer made in his Response; and

 Whereas, the Court concludes that the decisions cited by the Trustee are persuasive; and

---

[4] *See also* Crown Life Ins. Co. v. April Corp., 855 P.2d 12, 14-15 (Colo. Ct. App. 1993)("the language 'affecting title to real property' as found in C.R.C.P. 105(f) should be given a broad interpretation in order to promote the policies behind the Rule . . . A proceeding by a creditor to set aside a conveyance as fraudulent under § 38-10-117 clearly falls within this spectrum of actions"). *But see* Cnty. Of Hawaii v. Unidev, LLC, 128 Haw. 378, 289 P.3d 1014 (Haw. Ct. App. 2012).

Whereas, this Court finds that the decision in <u>Shrewsbury v. Seaport Partners Ltd. P'ship</u>, 63 Mass. App. Ct. 272, 826 N.E. 2d (2005), is distinguishable for the reasons stated in note 2, *supra*; and

Whereas, in view of the Trustee's Verified Complaint through which she seeks avoidance of the transfer and recovery of the Debtor's interest in the property for the benefit of the bankruptcy estate, the Court concludes that the Trustee's adversary proceeding is one that "affects the title to the real property;" *see* Mass. Gen. Laws ch. 184, § 15;

Whereas, as the Debtor is no longer a defendant and, as such, now lacks standing to object to the Lis Pendens Motion; and

Whereas, the Defendants Opposition is untimely and unpersuasive,

Now, therefore, the Court overrules the Defendant's Opposition and grants the Lis Pendens Motion. The Court shall enter the Memorandum of Lis Pendens.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 17, 2016